Singh v. Garland

BIA
Cassin, IJ
A208 922 595

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

BALJINDER SINGH,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

21-6651
NAC

**FOR PETITIONER:**                    Heena Arora, Esq., Law Offices of Heena
                                       Arora, P.C., Richmond Hill, NY.

**FOR RESPONDENT:**                    Brian Boynton, Principal Deputy Assistant
                                       Attorney General; Carl H. McIntyre, Assistant
                                       Director; Justin R. Markel, Senior Litigation
                                       Counsel, Office of Immigration Litigation,
                                       United States Department of Justice,
                                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Baljinder Singh, a native and citizen of India, seeks review of a

December 1, 2021 decision of the BIA affirming a February 25, 2019 decision of an

Immigration Judge ("IJ") denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). *In re*

*Baljinder Singh*, No. A 208 922 595 (B.I.A. Dec. 1, 2021), *aff'g* No. A 208 922 595

(Immigr. Ct. N.Y.C Feb. 25, 2019). We assume the parties' familiarity with the

underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision without opinion, we

have reviewed the IJ's decision as the final agency determination. *See Shunfu Li*

*v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual

findings, including adverse credibility determinations, for substantial evidence. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, the IJ reasonably relied on an inconsistency between Singh's testimony and his written statement regarding whether members of opposing political parties threatened him before the first alleged assault. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh wrote that members of opposing parties threatened him to discourage him from supporting the Shiromani Akali Dal Amritsar ("Mann") Party and then attacked him twice—in June and August 2015—when those threats failed. But at his hearing, Singh denied receiving threats before the first attack. The agency was not compelled to credit Singh's explanations that he did not take the threats seriously or may not have understood the question; Singh's response was initially unequivocal and the question posed was straightforward. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Singh further attempts to characterize his inconsistent testimony as merely containing an "omission" of an instance of persecution, but he expressly denied receiving threats prior to the first assault.

Second, the IJ reasonably relied on an inconsistency regarding the weapons involved in the second assault. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh's written

4

statement described the second assault as occurring when a group of men approached him with "hockey sticks," and then beat him "with sticks, fists and kicks" and "baseball bats." Certified Administrative Record at 351. He did not mention a baseball bat when testifying about this assault, and then denied being hit with a bat. *Id.* at 105–06. His explanation that he may not have recalled this detail did not account for why he would have remembered the fact when preparing his application, but not at his hearing. His new explanation—that he could have told his attorney that there was a base*ball* present, and the attorney could have misinterpreted that information and written in the statement that he was beaten with a baseball bat—is not compelling. He did not offer it to the IJ, and it is belied by the record because Singh stated during his credible fear interview that he was beaten with a baseball bat. Further, contrary to Singh's argument, this inconsistency is not trivial because it directly relates to the claim of past persecution. In any event, the agency may rely on even minor inconsistencies so long as the "totality of the circumstances" supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Third, the IJ reasonably relied on an inconsistency regarding the extent of the medical treatment Singh received after the second assault. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). During his credible fear interview, Singh said that he visited a village doctor's office for 20 minutes, where he received pain medication and advice to treat his injuries with heat pads; but he testified that he was at the office for five to seven hours. Singh argues that there is no inconsistency because he was actively treated for 20 minutes, and was then given a bed where he received "glucose" intravenously for a longer period. This explanation does not resolve the discrepancy because his statement during the credible fear interview was about how long he stayed at the office, not the duration of his interaction with a doctor, and he did not mention receiving the intravenous glucose—which is a fact he would be expected to disclose when disclosing the less remarkable fact that he was advised to use a heat pad.[1] *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").

---

[1] Singh does not otherwise challenge the agency's reliance on the credible fear interview record. The agency may consider statements at a credible fear interview when assessing credibility so long as "the record of [the] credible fear interview displays the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

Fourth, the IJ reasonably relied on an internal inconsistency in Singh's testimony and an inconsistency with his written statement regarding who reported the second assault to the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh wrote that he went to the police with his grandfather and a friend to lodge a complaint; however, at the hearing, he initially denied going, then changed his testimony after being reminded of his written statement. The IJ was not required to accept his explanation that he did not understand the question.[2] *See Majidi*, 430 F.3d at 80; *see also id.* at 81 n.1 (observing that the IJ "is in the best position to discern . . . whether a question . . . was . . . confusing or well understood by those who heard it . . . and whether inconsistent responses are the product of innocent error" (quotation marks omitted)).

Finally, the absence of reliable corroboration further bolsters the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant

---

[2] As the IJ noted, Singh's mother affirmed that he went to the police, without mentioning that anyone went with him. The omission has limited probative value, but his mother's statement does not reconcile his inconsistent testimony. *See Hong Fei Gao*, 891 F.3d at 78–79, 81 (discussing the probative value of omissions and an applicant's failure to explain omissions from third-party statements).

unable to rehabilitate testimony that has already been called into question."). The IJ reasonably gave Singh's documentary evidence little weight because a letter from his doctor was undated, neither the doctor nor the other affiants were available for cross-examination, and Singh did not provide proof of mailing of the documents from India. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to IJ's decision to accord "little weight" to letters from declarants who were "interested parties" and not available for cross-examination).

Given the multiple inconsistencies and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court